IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HARRISON DAUGOMAH,[1]           )
                               )
            Plaintiff,         )
                               )
                               )     CIV-07-363-F
v.                             )
                               )
KAY COUNTY JAIL, et al.,       )
                               )
            Defendants.        )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983.  In his Complaint filed March 27, 2007, Plaintiff states that he is a pretrial detainee in the custody of the Kay County Jail, and he asserts violations of his constitutional rights concerning the conditions of his confinement in that jail.  He names Kay County Jail, Kay County Sheriff VanHoesen, and Kay County Jail Administrator Ringgold as Defendants. Defendant Kay County Jail has moved to dismiss the cause of action against it pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief, and Defendants VanHoesen and Ringgold have moved for summary judgment pursuant to Fed. R. Civ. P. 56 with respect to Plaintiff's claims against them.  Although

---

[1]The court's record in this case contains Plaintiff's pleadings and correspondence in which Plaintiff has spelled his last name as both "Dougamah" and "Daugomah."  It is unclear which spelling is accurate.  However, the record has been filed in the Court Clerk's office with the spelling "Daugomah," and this spelling is used herein for the sake of consistency.

advised of his obligations in responding to Defendants' dispositive motions, to this date Plaintiff has failed to respond to the motions, and the time granted Plaintiff to respond to the motions has expired.  Defendants have also caused the filing of a special report pursuant to the Court's Order and <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978).  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).  For the following reasons, it is recommended that Defendants' motions be granted, that the cause of action be dismissed for failure to state a claim against Defendant Kay County Jail, and that judgment issue in favor of Defendants VanHoesen and Ringgold and against Plaintiff.

I. <u>Motion to Dismiss by Defendant Kay County Jail</u>

Defendant Kay County Jail moves to dismiss Plaintiff's 42 U.S.C. § 1983 action against it on the basis that the jail is not a separate legal entity subject to suit. A motion to dismiss may be granted when the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 127 S.Ct. 1955, 1965 (2007).  This review contemplates the assertion of "enough facts to state a claim to relief that is plausible on its face."  <u>Id.</u> at 1974.  Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. <u>Id.</u> at 1966. A *pro se* plaintiff's complaint must be broadly construed under this standard. <u>Erickson v. Pardus</u>, __ U.S. __, 127 S.Ct. 2197, 2200 (2007); <u>Haines v. Kerner</u>, 404

2

U.S. 519, 520 (1972).  However, the generous construction to be given the *pro se* litigant's

allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which

a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.

1991).   Under  this  standard,  a  reviewing  court  need  not  accept  "mere  conclusions

characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir.

1990). See Twombly, 127 S.Ct at 1964-1965 ("While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

to provide the grounds of his entitlement to relief requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do.")(quotations and

citations omitted).  The court "will not supply additional factual allegations to round out a

plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New

Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).   Additionally, a court evaluating a

complaint challenged by a Rule 12(b)(6) motion to dismiss may consider the complaint as

well as any documents attached to it as exhibits. Hall, 935 F.2d at 1112.

In Plaintiff's Complaint, Plaintiff contends in ground one that during his detention in

the Kay County Jail he was denied proper medical treatment for a foot injury he incurred on

January 11, 2007.  Plaintiff also asserts in ground two of the Complaint that the jail is

overcrowded "causing inmates to sleep on the floor" and that there is "medical neglect" and

"unfit living conditions" at the jail.  Plaintiff bases his claims for relief on the Eighth

Amendment's cruel and unusual punishment clause.

Rule 17(b), Federal Rules of Civil Procedure, provides that a non-corporate entity's

3

capacity to be sued is determined by the law of the state in which the district court is located. In Oklahoma, each organized county can sue and be sued. Okla. Stat. tit. 19, § 1.  The authority of each Oklahoma county is exercised by its board of county commissioners, Okla. Stat. tit. 19, § 3, and a lawsuit brought against a county must be filed against the board of county commissioners of the relevant county. Okla. Stat. tit. 19, § 4.   A county jail in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law, and therefore Defendant Kay County Jail correctly posits that it cannot be sued in this Court.  See Aston v. Cunningham, No. 99-4156, 2000 WL 796086, *4 n. 3 (10th Cir. June 21, 2000)(unpublished op.)(affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued").   Accordingly, Defendant Kay County Jail's Motion to Dismiss  the cause of action against it pursuant to Fed. R. Civ. P. 12(b)(6) should be granted, and the cause of action against Defendant Kay County Jail should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

II. Motion for Summary Judgment Filed by Defendants Van Hoesen and Ringgold

      Defendants VanHoesen and Ringgold seek summary judgment in their favor with respect to Plaintiff's claims against them.  Defendants VanHoesen and Ringgold assert that Plaintiff has not demonstrated a constitutional violation concerning either the medical treatment he was provided during his confinement at Kay County Jail or concerning the conditions of Plaintiff's confinement at the jail.   Moreover, Defendants VanHoesen and Ringgold seek summary judgment on the basis of Plaintiff's failure to exhaust administrative

4

remedies with respect to his claims.

Plaintiff's failure to respond to the Motion for Summary Judgment could, in the exercise of the Court's discretion, prompt a sanction, including the dismissal of Plaintiff's action with prejudice or the entry of judgment against the Plaintiff. Issa v. Comp USA, 354 F.3d 1174, 1178 (10th Cir. 2003). However, a federal district court may not grant summary judgment pursuant to local procedural rules without conducting the determinations required by Fed. R. Civ. P. 56(c).   Reed v. Bennett, 312 F.3d 1190, 1193 (10th Cir. 2002). Accordingly, the undersigned will undertake the requisite Rule 56(c) analysis.

Summary judgment may be granted only where the pleadings and any supporting documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party.  Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. Additionally, if the moving party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating with evidence outside of the pleadings "specific facts showing that there is a genuine issue for trial."

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A special report[2] is treated as an affidavit, and the plaintiff's complaint is treated as an affidavit as well if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury.  Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991).

Defendants VanHoesen and Ringgold's Motion for Summary Judgment contains a Statement of Uncontroverted Facts, none of which have been disputed by Plaintiff.  This statement, set forth below in a condensed form, provides the material facts in this matter that are not disputed for the purpose of resolving Defendants' dispositive motion.

1. Defendant Ringgold is the jail administrator.  Medical services at the Kay County Jail were provided through a contract with a medical provider.  The jail-contracted nurse treated Plaintiff for all of his injuries in consultation with a medical doctor.

2. On January 11, 2007, Plaintiff submitted a sick call request to an unidentified guard at the jail.  Plaintiff stated that he had slipped on some water and broken his toe.  That same day, Plaintiff was seen by the jail-contracted nurse within about ten minutes.  Defendant Ringgold checked on the Plaintiff while he was still with the nurse, after about an hour.

3. The jail's contracted nurse advised Plaintiff that the toe was broken and had a compound fracture.

4. On or about January 14, 2007, Plaintiff visited the jail-contracted nurse regarding an

---

[2]In Martinez v. Aaron, 570 F.3d 317 (10th Cir. 1978), the Tenth Circuit Court of Appeals established guidelines for the filing of a special report by the appropriate prison or jail authorities elucidating the factual background and subject matter of prisoners' civil rights complaints.

alleged infection in his injured toe.  He was prescribed antibiotics to treat the alleged infection.

5. Between these two initial consultations, the nurse treated Plaintiff's broken toe with pain medication, ace bandages, and antibiotics.

6. Jail staff granted Plaintiff's request for a phone call to his family regarding his toe injury.

7. On February 13, 2007, Plaintiff submitted a sick call request regarding his toe.  He complained that it was still swollen and painful.  The doctor was notified.  No new orders were made.

8. The jail-contracted nurse consulted Plaintiff on February 26, 2007, regarding some darkness in his skin around the injured toe.

9.  Near the end of February and prior to March 5, 2007, Plaintiff had no pain in his toe, and the antibiotic treatment had cleared any infection.  There was just discoloration to his skin.

10.  Plaintiff does not know Ringgold's duties as a jail administrator or how she assigns responsibility to respond to inmate requests to staff.

11.  Plaintiff knows that he visited the jail-contracted nurse at least three times regarding his toe, "enough to get, you know, some kind of attention," in his own words.

12.  When an inmate has a problem that he wishes addressed at the Kay County Jail, he first submits a written request to staff.

13.  If the inmate is not satisfied with the response to his request to staff, he may then file a grievance.

14.  Plaintiff filed requests to staff regarding his toe on January 14, 2007, and March 5, 2007.

He did not file any grievances.  These were the only documents requesting administrative relief that Plaintiff filed regarding the conditions of his confinement.  These requests to staff were directed to Defendant Ringgold.

15.  Plaintiff suffered conditions of confinement such as "dust bunnies," cell flooding, overcrowding causing him to sleep on the floor, and some cell doors being taken off hinges by inmates.

16.  When the pod was flooded, jail staff or inmates would clean up the standing water.

17.  Plaintiff did not file any requests to staff or grievances concerning cleaning supplies, concerning water being on the floor or flooding,  concerning doors being off their hinges, or concerning having only half of a blanket.  Plaintiff never communicated with Defendant VanHoesen regarding any of his complaints about the jail.

18.  For a period of approximately three months during his eighteen month detention at the Kay County Jail, Plaintiff experienced consistent multiple bunking in cells.  However, he never got into any fights or felt threatened due to multiple bunking in cells.

A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted in 1996, directs that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This provision has been interpreted by the Supreme Court to apply "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).  Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).  "[F]ailure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." <u>Jones v. Bock</u>, ___ U.S. ___, 127 S.Ct. 910, 921 (2007).   The PLRA's administrative exhaustion requirement is satisfied if the inmate complies with the prison's grievance procedures, and "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." <u>Id.</u> at 922-923.  Moreover, the PLRA does not impose a "total exhaustion rule," and courts may therefore proceed with exhausted claims while dismissing claims that have not been exhausted.  <u>Id.</u> at 923-926.

The undisputed facts in this matter clearly show that Plaintiff failed to exhaust available administrative remedies concerning the claims in his Complaint of deliberate indifference to his medical needs and unconstitutional conditions of confinement during his detention at the Kay County Jail.  Although Plaintiff submitted two request to staff forms seeking medical assistance with respect to his injured toe, there is no evidence that Plaintiff filed a formal grievance or sought further administrative review of this issue.  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002).  Furthermore, it is not disputed that Plaintiff failed to

seek any administrative relief concerning the conditions of his confinement.

Plaintiff has failed to exhaust his available administrative remedies concerning both of the claims asserted in his Complaint, and this failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) constitutes a bar to judicial review of the merits of his § 1983 claims for damages.  Accordingly, the Motion for Summary Judgment by Defendants VanHoesen and Ringgold should be granted, and judgment should issue in their favor and against the Plaintiff with respect to Plaintiff's claims against these Defendants in their individual capacities due to Plaintiff's failure to exhaust administrative remedies.

B. Municipal Liability

In order to state a claim against Defendant VanHoesen in his official capacity as the Sheriff of Kay County, the Plaintiff must show that the municipality's allegedly unconstitutional actions resulted from a policy or custom adopted or maintained with deliberate indifference to his constitutional rights.  Monell v. Dep't of Social Servs., 436 U.S. 658, 690, 690 n. 55 (1978).   Under this standard, Plaintiff must identify a "policy" or "custom" that caused his injury. Board of County Com'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997).  As the Supreme Court has clearly explained, "it is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the municipality.  The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. at 404 (emphasis

in original).

Plaintiff has not identified a policy adopted by a duly constituted legislative body of Kay County or, assuming Defendant VanHoesen can be considered a final policymaker for establishing county policy, a "deliberate choice to follow a course of action" by Defendant VanHoesen which resulted in a constitutional violation. Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986). Nor has Plaintiff identified a custom that "is so widespread as to have the force of law" in connection with the claims alleged in the Complaint. Brown, 520 U.S. at 404. There is no material issue of fact with respect to Plaintiff's claims under 42 U.S.C. §1983 against Defendant VanHoesen in his official capacity as the Sheriff of Kay County, and Defendant VanHoesen is entitled to summary judgment with respect to all official capacity claims. Defendant VanHoesen's Motion for Summary Judgment with respect to Plaintiff's claims against Defendant VanHoesen in his official capacity should, therefore, be granted, and judgment should issue in favor of Defendant VanHoesen and against the Plaintiff with respect to all official capacity claims.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendant Kay County Jail's Motion to Dismiss (Doc. # 25) be GRANTED and the cause of action be dismissed as to this Defendant pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. It is further recommended that Defendants VanHoesen and Ringgold's Motion for Summary Judgment (Doc. # 36) be GRANTED and that judgment issue in favor of Defendants VanHoesen and Ringgold and against the Plaintiff pursuant to Fed. R. Civ. P. 56(c). Plaintiff

11

is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by _____January 28th_____, 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Plaintiff is further advised that failure to make timely objection to this Supplemental Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this _____7th_____ day of _____January_____, 2008.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE